Schools et al. Ms. Bachman for the appellant, Mr. Shifley for the appellees. May it please the Court, Natalie Bachman on behalf of Appellant Ayanna Blue. Your Honors, there are three issues before the Court this morning. First, whether Ms. Blue adequately pleaded violation of her substantive right to bodily integrity against the District from municipal custom policy or practice under 42 U.S.C. 1983, whether Ms. Blue adequately pled a Title IX claim, and whether Ms. Blue adequately gave statutory notice of her state law claims in accordance with D.C. Code 12309. With respect to the municipal liability claim, one of Ms. Blue's theories was that the District, and she pled that the District had a custom of inadequately investigating the backgrounds of its teachers before hiring them. She pled a number of her facts in her complaint in support of this policy. She pled that Mr. Weissmuller was fired from two Washington area school districts for previously sexually abusing students, and that despite being fired for these incidents, the District hired him, and the District assigned him to teach very vulnerable students who have been diagnosed with emotional disturbance disability at the Transition Academy at Shad. The District Court dismissed Ms. Blue's claims under the policy of failure to investigate Mr. Weissmuller's background, finding that she did not allege which specific municipal policymaker made the decision to hire him. You did not allege that the complaint, I'm sorry, that the complaint failed to allege that the decision maker was a final policymaker. Set aside the question of identifying the specific person, does the complaint allege anywhere that whoever it was who made the decision was in fact a final policymaker? I don't believe it does, Your Honor. Right, and doesn't it fail for that reason? It doesn't, because it alleges a custom policy or practice, and... But it alleges, but there is no policy other than a decision of a final policymaker in this case, right? But under the Supreme Court's precedent in Pembroke and City of Canton v. Harris, a single decision by a municipal policymaker can constitute a policy. Right, but the decision has to be by a final policymaker. It does. And you don't allege that, you just agreed with me you didn't in the complaint. I mean, she alleges a policy, and under the Supreme Court's precedent, a policy includes this final municipal decision, or excuse me, a decision by a final municipal policymaker. And so that's within the realm of what she did allege in alleging a policy. It's one ground on which to allege a policy. Yeah. And additionally, she alleged that the district was liable under 42 U.S. 3 1983 based on a policy of ratification that essentially the district conducted an inadequate investigation of Mr. Weissmuller's misconduct and didn't find that he did anything wrong at the end of this and, you know, did not dismiss him for cause, did not discipline him, or really didn't do anything at all. And that that suggests a district custom. The district court said that the district didn't know about this relationship until after it was over. Well, we disagree with that. I mean, there are allegations in the complaint that say that various teachers, that various school personnel. Right, but what about the district itself? The district didn't know anything about this until after the relationship ended, right? That's not what we allege. We allege that all of these people knew about this relationship as it was occurring. And, you know, whether, especially with respect to the Title IX claim, whether these are appropriate officials that could alert the district or could bind the district to what had been going on previously is a question of fact. But it's not certain that just because the investigative report itself was not published until after Mr. Weissmuller had been let go, that no one knew about his conduct previous to that. All of the interviews, all the people that were interviewed said, yes, we did know, in fact, that this conduct had been going on for months. Some of the allegations in the complaint reference specific dates where the people interviewed said that they knew what was going on. Some of those dates are date back months before the report was actually published. With respect to Ms. Lewis... In her complaint, did she allege a position of trust and emotional reliance? She did allege that. She said that she relied on Mr. Weissmuller for emotional support. I mean, in her state law claim, she brought a breach of fiduciary duty claim where she makes some of those allegations. That's a state law claim, right? It is a state law claim, but those allegations are incorporated in all of her causes of action. But she does allege that she relied on him, he was someone she trusted, and that he took advantage of that by engaging in this relationship. With respect to her Title IX claim, the district court found that she hadn't completed a valid claim because she didn't allege that an appropriate official had knowledge of the relationship and didn't allege actual knowledge. Again, we disagree because she alleged numerous officials, numerous people within the school that knew of this relationship as it was occurring. We don't know if other people were interviewed, whether their statements were included in the report that was eventually circulated to the district itself. We believe it's an appropriate person with the authority to take remedial action in a situation such as this. And because this complaint was dismissed after a motion to dismiss, Ms. Blue has been able to take no discovery, whether it be on who's an appropriate official, on what particular district policies or practices may be in place with respect to hiring, or the identity of a final municipal policymaker that made any of the decisions at issue here with respect to the 1983 claim. In terms of statutory notice, we have a couple of arguments why we believe the district was provided with notice here. First is that the purposes of the notice of statute have been fully satisfied. This detailed investigative report was done, 51 pages long. It was done within six months of when Ms. Blue alleged that her injuries occurred. What was? The investigative report that the district office of school security did. Our argument is that that gave the district actual notice of the claims that could be brought against it. It enabled it to do a full investigation, which it did do. Therefore, the purposes of the notice statute have been fully satisfied. Additionally, we argue that because the investigative report was done by the office of school security, which is staffed by Metropolitan Police Department officers in part, that it could have satisfied the provision of the notice statute that says a police report in the regular course of duty. It satisfies a statutory notice in the absence of a letter to the mayor. We note that the person who authored the report is an NPD police officer, or at least was at one time. The report itself is arguably a police report, falling within that exception to the statute. And third, on the notice issue, we've argued that Ms. Blue should be able to conduct discovery on whether a police report actually exists in this case. Did you ask the district court for discovery on those issues? We did not. The bottom line here... What do we do with the D.C.? I mean, the D.C. Court of Appeals has said the statute's to be applied with, indeed, it's supposed to be, quote, construed narrowly against plaintiffs. I mean, this is a pretty strict statute. And there's only one exception that I found, and this is a report in writing. It's a pretty strict standard, isn't it? It is a strict standard, but the courts have also said, in many cases, you know, what is the purpose of the statute? The purpose of the statute is so that the district is able to investigate claims before a suit can be brought. Were you counseled to her during this six-month period? Just curious. No, we were not. Was she represented? She was not. She was not represented during that six-month period? She was not, correct. Does that make a difference? It doesn't seem to. That's right, it doesn't, does it? Under the case law, unfortunately, Your Honor is correct that, I mean, the argument from our perspective is that because the investigative report was done, and it was done in time, that the district had every opportunity to find out every fact that it wanted to with respect to these claims. And I would note that this case, in terms of the detail of the investigative report, was much, provided much more information than the things people typically try to characterize as actual notice under some of the other D.C. cases. Which of your three arguments, 1983, Title IX, and D.C. notice, D.C. claims, which do you think is your strongest argument? The 1983 claim, based on failure to investigate Mr. Weissmuller's background before hiring him. I don't even think the district disputes that a teacher with a history of sexual abuse I understand that, but again, what's your response to the, just tell me once more so I'm sure I understand, your response to the district court's conclusion that the complaint fails to allege that the decision to hire was a, the complaint fails to allege that that decision was made by a person who's a final policymaker? Well, the complaint alleges that the district had a custom policy or practice, I mean, inadequately investigated. Correct, but do you agree, when we asked you that before, do you agree that you attempt to show that through the fact that even if there's no written policy or custom, a final, a decision by a final policymaker can become a policy, correct? Correct, and I mean, if you look at the Supreme Court- But don't you have to allege that, my only question is a question of pleading. You agreed with me that you did not allege that in the complaint. But we allege the policy, and under the Supreme Court precedent, a policy includes a final decision by- Okay, so your argument, I see, so your argument is that's sufficient? It is sufficient, under Pembauer and City of Canton versus Harris, which found that a policy can include a final decision, you know, by a policymaker, even a single incident in certain circumstances. You're saying at the motion to dismiss stage, that's sufficient? Pardon me? At the motion to dismiss stage, that's sufficient? Yes, exactly, Your Honor. So re-judgment, it might be- It might be different, but we've had no opportunity to discover any facts on, you know, who made the decision to hire Mr. Weissmuller at this point. And in fact, had we alleged that it were a final municipal policymaker, I mean, that would be probably a legal conclusion at this point. It doesn't seem that it would have made any difference whether we alleged or we didn't allege it, if it's a fact that we could not obtain until discovery had been conducted. All right, thank you. Oh, I'm sorry. Wait, hold on a second. Never mind, forget it. Thank you, Your Honor. Mr. Schifferle. Good morning, and may it please the Court, Carl Schifferle for the District of Columbia. I wanted to start off with the discussion of a municipal policy or custom which was not alleged in this particular case sufficiently, adequately for purposes of Rule 12b-6. We have the fact that it was not alleged that a policymaker, a district policymaker, made the hiring decision in this case. But why isn't it enough? The complaint does allege that there's a policy, and the courts have said that a policy can be, can come from the individual acts of a final policymaker. So why isn't that enough? Well, because what we have here is just a single incident of hiring of Mr. Weissmuller and it was not alleged that a final... But you agree if, suppose the person who made that decision was a final policymaker, you would agree that would be sufficient, wouldn't it? It would perhaps be. I'm not sure that it would necessarily be so, but yes, it could be, but we don't have that here in this case. Well, what's missing? The allegation that a final policymaker made the decision. It concludes the re-allegation that there's just a policy out there. Is there a case that says that that's not sufficient? Well, we did cite the Jones v. Warren case, which this court on a 12b-6, affirmed the dismissal on a 12b-6 for inadequately alleging that municipal policy are custom. I think it's important, since it's an essential element, that if you are going to rely on a single incident, that it be a decision by a final policymaker, and it's not alleged that a final policymaker made the decision. So you're saying that the complaint, would we review the complaint differently if they added the words, and this was done pursuant to a decision by a policymaker? I mean, that would be a necessary element, yes. Because simply a conclusive re-allegation of a policy... No, but what about the motion to dismiss stage? And if the courts have said you can claim a policy and there is something there, to take it out on a motion to dismiss in a case like that seems very strange to me. She's alleging trust, emotional disability, position of trust, a decision, which on its face looks, at least question what she's claiming as a policymaker. There's no discovery yet. It's not some absurd claim. It's a very viable claim on its face, and you take it to motion to summary judgment. Well, I mean, first of all, it's simply a conclusive re-allegation in a legal conclusion. But you're saying she has to name the policymaker in the complaint? That's not what the cases say. Well, we would say she would have to identify the individual by position or name, too, because that's a legal question. Where does the case law say that you have to name the individual policymaker to beat a motion to dismiss? Well, because it is a legal question whether an individual has final policymaking authority, some fact would have to be alleged, who that individual is, so that legal issue... Where does the case law say that on a motion to dismiss? I'm just not seeing it. Well, I mean, we did cite the Jones versus Horne case. I would also point out, too, that we're not even at that stage, Your Honor. There's simply no allegation that a final policymaker made the decision in this case. That's a very small burden to overcome for the plaintiff to allege, and it was not alleged here. Maybe I'm dense, but it seems to me if I assert in a complaint that this happened pursuant to a policy, that suggests that a policymaker made the decision, a policy, as opposed to there was a single incident that happened to me and I'm complaining about it. I mean, I would submit it's simply too conclusory. It's not an allegation of fact that would be entitled to the presumption of truth on a motion to dismiss. The fact is that this happened. The fact is, here's what happens, and the fight might be over whether or not there is a policy. That's the way I read the cases, and that comes later. Right, but in order... I mean, even assuming there were an underlying constitutional violation and that's been adequately pled, that does not suffice to establish for purposes on a motion to dismiss a claim against the municipality, because it is a rigorous standard of liability for municipal liability. The Supreme Court has repeatedly made that clear in order to avoid Monell liability from collapsing into respondeat superior liability. I understand. In light of that rigorous standard, we would submit that at each stage of the proceeding, including on the 12b-6, that that rigorous standard be taken into account and peer review in the allegations. What's your best argument that there's no underlying constitutional violation here? Well, we did argue that there would be no underlying substantive due process violation because Ms. Blue admittedly was an adult at the time and it was not alleged in the complaint that the relationship was unwelcome. But I don't think the court needs to get to there. I think that the district court did properly dismiss it because a municipal policy was not alleged. I would point out there was no deficiency alleged in the background checks that D.C. public schools conducted. Again, we simply have a conclusory allegation. Excuse me, I wasn't going to raise it until you just said that, but isn't that kind of obvious that there are? I mean, this fellow, according to the complaint, at least in two nearby school districts engaged in abuse of students, sexual abuse of students? Decades ago. Wouldn't that have come up in the background checks? It is not alleged that he had any criminal background whatsoever, no conviction, no arrest. It's not alleged at all. These incidents occurred decades ago. There's no deficiency that's identified in the process. Does the school district do background checks on people it hires? Yes, Your Honor. We pointed to the regulation that specifically requires a criminal background checks of teachers as well as past employment checks, reference checks. These are all required and it's district policy that they are required. And there's no dispute here on the complaint that that's not the case. And so that's another reason why it would fail under the fact for failure to show alleged municipal policy or custom. Under Title IX, the analysis would be similar. We have no actual knowledge by an appropriate person that is alleged. We have the allegation that a teacher, an aide, a psychologist heard rumors or saw the two alone together, but that does not arise to actual knowledge by an appropriate person. Appropriate person, one being authorized to correct, take corrective action in the form of firing or disciplining the employee. And it is not alleged in this case that there was such an appropriate person who had such knowledge. We also made the argument that the investigation itself shows no deliberate indifference. District did investigate. There's no allegation of any particular deficiency in the investigation itself, the process of investigating. This would disprove any deliberate indifference by the district. There's nothing that was clearly unreasonable in the investigative response. And then as far as the common law claims, I mean, assuming that these claims state claims of negligent hiring or supervision or some sort of common law claim, we have the 12309 bar, the plaintiff's argument that actual notice suffices or that the purpose of the statute has been satisfied because there's actual notice. That argument has been rejected by the D.C. Court of Appeals on multiple occasions. We cited in our brief the only permissible substitute to written notice to the mayor is a police report in the regular course of duty. Ms. Blue did not argue below that this D.C. Public Schools investigative report was actually a police report. And so that argument was forfeited. And she didn't ask for discovery on whether to inquire even whether this was a police report that might satisfy the statute. So, again, that argument has been forfeited as well. And the report itself, for the reasons we stated in our brief, clearly identifies itself as a D.C. Public School report, not as a police report in any event. So the common law claims would be barred under D.C. Code 12309. Let me make sure I'm understanding your position on this. So the way I'm reading this with respect to the 1983 claim, the plaintiff says, I'm the person with emotional disability in an institution charged with caring for me. The guy they hired was in a position of trust, and I acted pursuant to that trust. And he engaged me in a sexual encounter and got pregnant. And his hiring was pursuant to a D.C. policy that allowed such a hiring without sufficient checks, and he should not have been hired. Now, why can't that go forward? Well, I mean, that's a single-incident theory, which, when the... No, no, it's not a single incident. Pursuant to a D.C. policy allowing the hiring of people like this without sufficient checks. That's the way I'm reading the complaint. Right, but as I think Ms. Blue would acknowledge, and her arguments to the district court indicated and the district court understood, the premise, the basis for this conclusory allegation of a policy is simply the hiring of Mr. Weisenhoer and the facts related to his particular hiring. It doesn't extend beyond that. That's how the district court understood it based on the arguments presented to it, and I think that's consistent with the argument. He hasn't had the discovery yet. Well, I recognize that, Your Honor, but as the Supreme Court said, just because you have conclusory allegations, that doesn't unlock the door to discovery. You still need to adequately plead a plausible entitlement to relief, and that standard is not met on the facts alleged in this complaint, unless the court has further questions. I have a question that's outside the record, and that is, is there anything... in place by D.C. when they set up schools for emotionally disturbed or affected students that the people who teach them have some sort of training, or there's something in place to make sure that because they're being treated differently because of their emotional problems, the people who are teaching them and taking care of them also have to be aware of extra caution and so forth? This is a sad, horrible thing that happened, and it sounds like, I mean, even if it was just rumors, that nobody did anything. They just turned a blind eye. Well, I don't deny at all this is a very unfortunate incident. It was contrary to D.C. public school policy. That is not something that would have been tolerated. If the investigation had concluded that this had occurred, he would have been disciplined and terminated. Well, if they had a policy that declined to hire someone like this, it wouldn't have happened either. Well, but that is not a municipal policy. This guy has a background that's not commendable, right? That's not disputed, right? Yes, not that a background check could have necessarily determined that. His background is not commendable, right? Absolutely, absolutely. And that at least all of us in this room would think long and hard before we hire him for a position of trust like this, right? Absolutely. Well, I think the complaint is suggesting that's the problem. How could he get through? You can't have had in place anything that screams out, that's my complaint. There was no policy protecting people like me, who are emotionally disabled, from people like this, with this kind of background, who should never have gotten through. But, Your Honor, that is a negligent hiring claim, and perhaps she would have a claim for that, but that's not what is required to establish Monell liability. And Judge Henderson, I mean, teachers are certified, they're licensed. I understand that there are particular certifications and licensing for special education students. And as I said, there is a policy that is required that background checks be performed on teachers and other types of pre-employment checks. There's no dispute that it's both required as district policy and that they are performed. And there's nothing on the facts, particularly where Mr. Weisner has no criminal record, no criminal conviction that is alleged. It's inadequate to state a municipal policy. So if the Court has no further questions, thank you. Any time left? Why don't you take a minute? Yeah, I have a question for her. Well, did you want to say something before I ask you a question? Because I have a focused question for you. Go ahead and ask me your question, Your Honor. So as I look at this, you know, we talked about the various 1983 cases. But as I look at this, this complaint would have made it pre-Iqbal, right? Before Iqbal, this complaint would have been fine under your 1983 theory. The question I have, and you just need to help me with this. Iqbal, as I read Iqbal, it says there have to be allegations which, if taken as true, are plausible on the face. And you have to have allegations for each element, correct? Correct, Your Honor. Okay, so, true, you have an allegation about a D.C. policy. But your theory is that that policy came from the actions of an individual final policy maker, correct? Correct, Your Honor. And that's, so how does that, without that, how does it survive Iqbal? It survives because within the ambit of a policy, under the Supreme Court's precedent in Pembauer, City of Canton versus Harris. I understand that, I understand that. I'm asking a pleading question and an Iqbal question, which is, it does say you have to plead each element. And since there are various theories by which a municipal policy can be established, this is just one of them. If the allegation you're resting on is not in there, why isn't the complaint inadequate under Iqbal? Because, I mean, even if we were to say a final municipal policy maker made the decision to hire Mr. Weissmuller without discovery, and remember, we got dismissed on a motion to dismiss, it would be a conclusory allegation that the district would probably argue is not entitled to any way, does not survive Iqbal. So your theory then, let me just, okay, so, is, let's see. So paragraph 82, I'm looking at paragraph 82. Yes. It says, the District of Columbia has a custom policy or practice, custom policy or practice, of failing to adequately investigate backgrounds of its teachers, right? That's the allegation. That is the allegation. Okay, and your theory is that at the motion to dismiss stage, that's all you need to say, and what you need is discovery to find out who that person was. It is, and I think, I mean, something that you... And did you ask the district court for discovery on that? Not on that particular issue. I mean, we didn't even get to that point. I mean, the district court dismissed this complaint. I mean, we didn't say we need discovery so that we can draft an adequate complaint. No, no, no, I understand that. You filed your complaint, but did you ask for discovery when the district court, district moved to dismiss and said, you haven't alleged that this was a decision made by a final policy maker? Or did you say, well, of course we didn't because we don't want to make conclusory allegations, so we need some discovery. We didn't. We came here instead. You did what? We came to the court of appeals instead. I mean, our position just is that is not an allegation that is required in an initial complaint if it's something that couldn't have been known before discovery was taken. And indeed, the District of Columbia says in its briefs, you know, that we should have alleged that Michelle Reed made the decision to hire Mr. Weisenler. I think that points out the fallacy of the notion that you can know at this stage who would have hired him because she was not employed by the district when he was hired. There's two different questions. Question one is, do you have to allege that the decision was made by a final policy maker? That's argument. That's issue one. And then issue two is, if so, do you have to allege who it is? And I can imagine under Iqbal you could have different conclusions for those two questions. Iqbal might well require an allegation that your theory is final policy maker but not require that you identify who it is. Our position, Your Honor, is the answer to both those questions is no. Well, you've researched this really carefully. Do you know of any case that helps resolve this question, this precise question one way or the other? I don't because the cases that deal with this issue where someone's complaint or cause of action is dismissed because of the final policy maker issue, it's always after summary judgment in all the cases that I've discovered. There has been discovery conducted on it. And at that point, somebody can't prove that somebody is a final municipal policy maker. And at that point, the case gets dismissed. I haven't found cases at the motion to dismiss stage where somebody's complaint is dismissed for failure to contain this allegation. Some other circuits have held that you have to allege that there was a final policy maker, right? Not that I'm aware of, Your Honor. Okay. So you don't know of any case that actually resolves this precise question? That's correct, Your Honor. Okay. Thank you. That's helpful. Thank you.
judges: Henderson, Tatel, Edwards